IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| HCA HEALTHCARE, INC., et al., | § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 4:22-cv-327-ALM-KPJ |
| J ALAN KONECNY, | § § § | |
| Defendant.[1] | § § § | |

### MEMORANDUM OPINION AND ORDER

This matter was referred to the undersigned pursuant to 28 U.S.C. § 636. *See* Dkt. 2. The Court held a hearing in this matter on June 29, 2022. *See* Dkt. 19. For the reasons set forth herein, the Court orders HCA Healthcare, Inc., Health Care Indemnity, Inc., and Medical City Healthcare, Inc. (the "Removing Parties") to submit a brief addressing the basis for removal no later than fourteen days from entry of this Order.

### I.   BACKGROUND

**A. Underlying State Court Action**

On April 18, 2022, the Removing Parties filed a Notice of Removal (the "Notice of Removal") (Dkt. 1) removing a case filed in the 429th Judicial District Court, Collin County, Texas. *See* Dkt. 1 at 1. Attached to the Notice of Removal was a docket sheet corresponding to the state court action. *See* Dkt. 1-1 at 4–6. The state court action was styled: *Medical City Healthcare, Inc., HCA Healthcare, Inc., Health Care Indemnity, Inc., Columbia Medical Center of Plano Subsidiary, LP v. Alan J. Konecny*, No. 429-00414-2022 *See id.* at 4. According to the docket

---

[1] This caption matches that of the underlying state court action. *See* LOCAL RULE CV-81(a) (a removed case should be styled "exactly as it was styled in state court").

1

sheet, the following parties were identified as plaintiffs in the state court action (hereinafter, "the plaintiffs"):[2]

    (1)    Columbia Medical Center of Plano Subsidiary, LP d/b/a Medical City Plano;
    (2)    HCA Healthcare, Inc.;
    (3)    Health Care Indemnity, Inc.; and
    (4)    Medical City Healthcare, Inc.

*See id.* The sole defendant was Alan J. Konecny ("Mr. Konecny"). *Id.* The plaintiffs commenced the state court action by filing an Original Verified Petition and Application for Restraining Order, Temporary Injunction, and Permanent Injunction (the "Original Petition"). *See* Dkt. 1-1 at 7. The Original Petition, filed January 24, 2022, sought injunctive relief against Mr. Konecny under Texas law. *See id.* at 8, 11–16.

On March 28, 2022, Mr. Konecny, proceeding *pro se*, filed an Original Verified Answer for Violation of the Emergency Medical Treatment and Active Labor Act & Title VI of the Civil Rights Act of 1964 & the Americans with Disabilities Act of 1990 & Sarbanes-Oxely [sic] Act of 2002 & the Securities Exchange Act of 1934 (the "Original Verified Answer"). *See* Dkt. 1-1 at 66–110. In the Original Verified Answer, Mr. Konecny referred to his filing as an "Answer Complaint" and a "Federal Multi-State Complaint." *Id.* at 66–67. Notably, in the Original Verified Answer, Mr. Konecny identified himself as the plaintiff and named as defendants, the four plaintiffs from the Original Petition, as well as numerous other individuals and/or entities:

    (1)    Medical City Plano, Inc.;
    (2)    HCA Health Care, Inc.;
    (3)    Health Care Indemnity, Inc.;
    (4)    Medical City Healthcare, Inc.;
    (5)    Jyric Sims;
    (6)    Erol Akdamar;
    (7)    Denise Langford;

---

[2] Throughout this Order, the Court will refer to the plaintiffs in the underlying state court action as "the plaintiffs" and the sole defendant in the state court action as "Mr. Konecny." The Court notes that three of the four plaintiffs are the Removing Parties who removed this lawsuit to federal court.

>   (8)   Sharon Barch;
>   (9)   Samuel N. Hazen;
>   (10)  Emran Sheikh;
>   (11)  T. Rowe Price Associates, Inc.;[3]
>   (12)  Serpe Jones Andrews Callender & Bell, PLLC;
>   (13)  Nicole Andrews; and
>   (14)  Madison Dini.

*See* Dkt. 1-1 at 66. In the Original Verified Answer, Mr. Konecny identified several federal causes of action that he sought to assert against the above individuals and/or entities—such as violations of the Americans with Disabilities Act (the "ADA"), Emergency Medical Treatment and Active Labor Act ("EMTALA"), the Sarbanes-Oxley Act, and Title VII of the Civil Rights Act ("Title VII"). *Id.* at 66–110.

On March 31, 2022, the plaintiffs in the underlying state court action amended their Original Petition. *See* Dkt. 1-1 at 114. The First Amended Verified Petition and Application for Restraining Order, Temporary Injunction, and Permanent Injunction (the "Amended Petition") raised additional factual allegations against Mr. Konecny for conduct that allegedly occurred after the Original Petition was filed. *See id.* at 118–20.

On March 31, 2022, the state court issued a Temporary Restraining Order (the "TRO") in the state court action. *See* Dkt. 1-1 at 186–88. The TRO was set to expire on April 14, 2022, and Mr. Konecny was ordered to appear before the state court on April 14, 2022, "to show cause, if any, [as to] why a Temporary Injunction should not be issued as requested in [the p]laintiffs' [Amended] Petition." *Id.* at 188.

On April 4, 2022, in the state court action, Mr. Konecny filed a document entitled "Complaint for Violation of the False Claims Act (FCA) 31 U.S.C. §§ 3729 – 3733 Qui Tam Action" ("Mr. Konecny's April 2022 Filing #1"). *See* Dkt. 1-1 at 196–215. Therein, Mr. Konecny

---

[3] During the hearing held in this case on June 29, 2022, Mr. Konecny moved to dismiss his 'claims' ageaInst T. Rowe Price Associates, Inc. *See* Dkt 19.

again referred to himself as the plaintiff and named as defendants the same individuals and/or entities that he previously named in the Original Verified Answer:

(1) Medical City Plano, Inc.;
(2) HCA Health Care, Inc.;
(3) Health Care Indemnity, Inc.;
(4) Medical City Healthcare, Inc.;
(5) Jyric Sims;
(6) Erol Akdamar;
(7) Denise Langford;
(8) Sharon Barch;
(9) Samuel N. Hazen;
(10) Emran Sheikh;
(11) T. Rowe Price Associates, Inc.;
(12) Serpe Jones Andrews Callender & Bell, PLLC;
(13) Nicole Andrews; and
(14) Madison Dini.

*Id.* at 196. In the filing itself, Mr. Konecny stated it was a "Complaint" or "Federal Multi-State Complaint." *Id.* at 196–97. On the same date as this filing, Mr. Konecny filed another document in the state court action entitled "Verified Petition for Releif [sic] and for Sanctions & Complaint for Violation of the Emergency Medical Treatment and Active Labor Act of 1986 & Title VI of the Civil Rights Act of 1964 & the Americans with Disabilities Act of 1990 & Sarbanes-Oxely [sic] Act of 2002 & the Securities Exchange Act of 1934" ("Mr. Konecny's April 2022 Filing #2"). *See* Dkt. 1-1 at 219–63. This filing identified the same parties as in Mr. Konecny's April 2022 Filing #1, and appeared similar in substance to the Original Verified Answer because it also raised federal claims such as violations of the ADA and EMTALA. *Id.*

On April 14, 2022, Mr. Konecny filed a "Verified Petition for Releif [sic] and for Sanctions for Violation of Title VI of the Civil Rights Act of 1964 & the Americans with Disabilities Act of 1990" ("Mr. Konecny's April 2022 Filing #3") in the state court action. *See* Dkt. 1-1 at 267–79. In this filing, Mr. Konecny again identified himself as the plaintiff and named the following three defendants:

4

>     (1)   State of Texas;
>     (2)   Collin County, Texas; and
>     (3)   Jill Renfro Willis.

*Id.* at 267. Mr. Konecny again identified federal causes of action, and he further stated that he "demands the State Court refer this Complaint to Federal Court as required by Federal Law[.]" *Id.* at 269.

On the same day as Mr. Konecny's April 2022 Filing #3, the state court entered an Order Granting Temporary Injunction (the "Temporary Injunction"). *See* Dkt. 1-1 at 283–86. The Temporary Injunction was issued following a hearing held on April 14, 2022, at which counsel for the plaintiffs (HCA Healthcare, Inc., Health Care Indemnity, Inc., Medical City Healthcare, Inc., and Columbia Medical Center of Plano Subsidiary, L.P.) appeared. *See* Dkt. 1-1 at 5. Mr. Konecny did not appear at the hearing. *Id.* Under the terms of the Temporary Injunction, the state court ordered:

> [Mr.] Konecny, along with his agents, representatives, servants, employees, and all others acting at his direction, are hereby enjoined from any and all communication with any of [the p]laintiffs' employees, directors, officers, or representatives including but not limited to Jyric Sims, Erol Akdamar, Samuel Hazen, Denise Langford, and Sharon Barch by any means or manner other than through their identified legal counsel up to the conclusion of the trial on the merits.

*Id.* at 285. The state court then set the case for a trial on the merits on October 10, 2022. *Id.*

### B. Notice of Removal

On April 18, 2022, the Removing Parties removed the state court action to this Court. *See* Dkt. 1. In the Notice of Removal, the Removing Parties—who were three of the four plaintiffs in the state court action[4]—identify themselves as "Defendants," and name Mr. Konecny—who was the defendant below—as "Plaintiff." *Id.*

---

[4] No explanation was provided in the Notice of Removal as to why the fourth plaintiff in the state court action, Columbia Medical Center of Plano Subsidiary, LP d/b/a Medical City Plano, did not participate in the removal.

5

The Removing Parties contend removal is proper because there is federal question jurisdiction under 28 U.S.C. § 1441(a). *Id.* at 2. The Removing Parties rely in particular on Mr. Konecny's April 2022 Filing #1 and April 2022 Filing #2 as the basis for establishing federal question jurisdiction, pointing out that Mr. Konecny raises federal causes of action in both filings. *Id.* at 2–3.

## II.   ANALYSIS

"When an action is brought to federal court through the § 1441 mechanism, for both removal and original jurisdiction, the federal question must be presented by [the] *plaintiff's* complaint as it stands at the time the petition for removal is filed and the case seeks entry into the federal system." *Metro Food Truck Sales, Inc. v. Ford Motor Co.*, 145 F.3d 320, 326–27 (5th Cir. 1998) (cleaned up) (emphasis added). "Federal question jurisdiction exists when a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 172 (5th Cir. 2009) (internal citation and quotation marks omitted); *see also Metro Food Truck Sales, Inc.*, 145 F.3d at 327 ("[R]emoval jurisdiction must be disclosed on the face of the plaintiff's complaint."); *see also Gully v. First Nat'l Bank*, 299 U.S. 109, 112 (1936) (holding the federal question "must be disclosed upon the face of the complaint, unaided by the answer"). "It is insufficient that a federal question has been raised as a matter of defense or as a counterclaim. Similarly, the defendant's third-party claim alleging a federal question does not come within the purview of § 1441 removability." *Metro Food Truck Sales, Inc.*, 145 F.3d at 327; *see, e.g.*, *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009) ("Nor can federal jurisdiction rest upon an actual or anticipated counterclaim."). As the Supreme Court recently explained in *Home Depot U.S.A., Inc. v. Jackson*,

> Section 1441(a) thus does not permit removal based on counterclaims at all, as a counterclaim is irrelevant to whether the district court had "original jurisdiction" over the civil action. And because the "civil action . . . of which the district cour[t]" must have "original jurisdiction" is the action as defined by the plaintiff's complaint, "the defendant" to that action is the defendant to that complaint, not a party named in a counterclaim. It is this statutory context, not "the policy goals behind the [well-pleaded complaint] rule," that underlies our interpretation of the phrase "the defendant or the defendants."

138 S. Ct. 1743, 1748 (2019) (internal citation omitted). Here, instead of relying on their complaint, the Removing Parties removed this case on the basis of Mr. Konecny's filings in the underlying state court action. As the defendant below, Mr. Konecny's April 2022 filings in the state court action—irrespective of whether Mr. Konecny referred to these filings as a complaint or attempted therein to plead federal causes of action—cannot form the basis for removal. In short, the Removing Parties appear to have overlooked the rule that it is their complaint, and not any defense, counterclaim, or third-party claim raised by Mr. Konecny in his April 2022 filings, that establishes federal question jurisdiction.

During the June 29, 2022 hearing in this matter on a pending motion in this case, the Court queried counsel for the Removing Parties regarding the basis for removal. Although both parties indicated that they wished to proceed in federal court, the Court is unable to proceed if there is a lack of subject matter jurisdiction. Federal courts are courts of limited jurisdiction and must have statutory or constitutional power to adjudicate a claim. *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). Indeed, a federal court has "an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010).

The Removing Parties, as the parties seeking to invoke federal jurisdiction, have the burden of proving that jurisdiction exists. *Aetna Cas. & Sur. Co. v. Hillman*, 796 F.2d 770, 775 (5th Cir.

1986). Accordingly, before the Court can proceed in this case, the Removing Parties must establish jurisdiction.

### III.  CONCLUSION

**IT IS THEREFORE ORDERED** that the Removing Parties shall file a brief explaining the basis for removal no later than fourteen (14) days after entry of this Order. Alternatively, if the Removing Parties determine that removal is improper, they may file a notice seeking remand of this case.

**So ORDERED and SIGNED this 14th day of July, 2022.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE